UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :        CASE NO. 1:06-CR-0038
                                            :
            Plaintiff,                      :
                                            :
                                            :        ORDER AND OPINION
        vs.                                 :        [Resolving Doc. No. 26]
                                            :
JAMES F. BUCKMASTER,                        :
                                            :
            Defendant.                      :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the Court is Defendant James F. Buckmaster's motion to stay execution of his

sentence pending appeal to the Sixth Circuit [Doc. 26].  The United States opposes the motion [Doc.

28].  For the reasons described below, the Court GRANTS the Defendant's motion.

## I. Background

        On April 3, 2006, the Defendant pled guilty to receiving explosive material through interstate

commerce without a federal license, in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a)(1).  (Plea

Agreement ¶ 3.)  This plea agreement followed this Court's ruling that the explosives, found by

firefighters responding to a fire in the Defendant's house, were admissible.  (*See generally* Order

Den. Mot. Suppress.)  With the Government's consent, the Defendant reserved the right to appeal,

among other things, this Court's ruling on his motion to suppress the seized evidence.  (Plea

Agreement ¶ 12.)  Accordingly, on June 27, 2006, the Court sentenced the Defendant to twelve

months incarceration and three years supervised release and imposed $3100 in fines and special

assessments.  (Sentencing J. 1-3.)  On June 30, 2006, the Defendant appealed the Court's ruling to

Case No. 1:06-CR-0038
Gwin, J.

the Sixth Circuit, and on July 5, 2006, he filed the present motion.  On July 21, 2006, this Court

granted the Defendant a stay of execution of his sentence until August 24, 2006 so that the Court

could consider the motion.

## II.  Legal Standard

A sentencing court may choose to grant a defendant's motion to stay execution of a sentence

pending appeal under 18 U.S.C. § 3143(b), so long as (1) the court is satisfied that the defendant

does not present a risk of flight or danger to the public, and (2) the defendant presents a substantial

question on appeal.  *Id.* § 3143(b)(1).  The defendant must prove that he does not present such risks

by clear and convincing evidence.  *Id.* § 3143(b)(1)(A).  Additionally, the appeal must raise a "close

question or one that could go either way," the resolution of which "is so integral to the merits of the

conviction that it is more probable than not that reversal or a new trial will occur if the question is

decided in the defendant's favor."  *United States v. Pollard*, 778 F. 2d 1177, 1182 (6th Cir. 1985)

(internal quotations omitted).  The Court applies this standard to the present facts.

## III.  Discussion

### A.  Risk of Flight or Danger to the Public

The Court is satisfied that the Defendant does not present a risk of flight or danger to the

public.  The Court demonstrated its security in the Defendant's trustworthiness by releasing him on

unsecured bond and allowing him to travel outside of the district during the pendency of the

proceedings.  (*See* Mar. 3, 2006  Order; *see also* June 22, 2006 Order.)  The Defendant responded

with full cooperation throughout the trial process.  The United States did not object to the Court's

leniency during the trial proceedings, and does not offer any evidence suggesting that the Defendant

has not fully cooperated thus far.  Finally, the Defendant has no known history of criminal or violent

Case No. 1:06-CR-0038
Gwin, J.

behavior, nor any other behavior presenting a threat to the public.  The United States does not argue

otherwise.  Accordingly, the Court holds that the Defendant has satisfied his burden of clear and

convincing proof and finds that he does not present a risk of flight or public danger.

**B.  Substantial Question on Appeal**

On appeal, the Defendant intends to challenge the Court's ruling admitting the explosives

seized from his basement.  Essentially, the Court held that *Michigan v. Tyler*, 436 U.S. 499 (1983)

and *United States v. Urban*, 710 F. 2d 276 (6th Cir.1983) permitted law enforcement agents to seize

the explosive materials after the fire without a warrant because the agents were investigating exigent

circumstances.  (Order Den. Mot. Suppress 8.)  The Defendant disagrees, arguing that *Michigan v.*

*Clifford*, 464 U.S. 287 (1984) requires the Court to suppress the seized materials because the agents'

search was not strictly limited to the cause of the fire.  (Mot. Stay  2-3.)  This Court held that *Tyler*

and *Urban* protect the agents' actions in this case despite *Clifford*.  (Order Den. Mot. Suppress 6-8.)

Despite this Court's ruling, the Defendant's appeal presents an important question: the scope

of permissible law enforcement investigations when "exigent circumstances" and "continuing

dangers" are present.  *See Tyler*, 436 U.S. at 510, 514.  To the Court's knowledge, the Sixth Circuit

has not yet resolved this particular question.  Accordingly, the Court finds that the Defendant

presents a substantial question for review on appeal.

The Court likewise finds that the Defendant's question on appeal satisfies the final

requirement.  If the Sixth Circuit resolves the admissibility question in the Defendant's favor,

reversal is virtually certain.  Accordingly, the Court holds that the Defendant satisfies the

requirements of Section 3143(b)(1)(B).

Moreover, if the Court denies the Defendant's motion, he would likely complete  his twelve-

Case No. 1:06-CR-0038
Gwin, J.

month prison sentence before the Sixth Circuit hears his appeal.  The United States argues that the

case is on the accelerated docket and that the time frame therefore should not influence the Court's

resolution of this motion.  However, considering the relatively short term of imprisonment, it is

exceedingly unlikely that even an accelerated appeal will take place before the Defendant has served

at least half of his sentence.  As discussed above, Court is satisfied with the Defendant's reliability.

Therefore, the Government would suffer little prejudice if the motion is granted, but the Defendant

may potentially suffer significant prejudice if it is denied and the Court's suppression ruling is

overturned.

### IV.  Conclusion

As described above, the Court finds that the Defendant presents no risk of flight or danger

to others, and that his appeal presents a substantial appellate question whose resolution is integral

to the merits of the conviction.  Accordingly, the Court **GRANTS** the Defendant's motion to stay

execution of his sentence pending his appeal.

IT IS SO ORDERED.


Dated: August 2, 2006                              s/            *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE