```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                        :
JAMES F. BUCKMASTER,                    :
                                        :    CASE NO. 1:06-CR-38
           Petitioner,                  :
                                        :
vs.                                     :    OPINION AND ORDER
                                        :    [Resolving Doc. 42].
UNITED STATES OF AMERICA,               :
                                        :
           Respondent.                  :
                                        :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 12, 2008, the Petitioner, James F. Buckmaster, petitioned the Court to vacate, set aside or correct his June 27, 2006 sentence pursuant to 28 U.S.C. §2255. [Doc. 38]. Buckmaster subsequently petitioned the Court to expedite proceedings on March 24, 2008. [Doc. 40]. The Court referred the case to Magistrate Judge James S. Gallas pursuant to Local Rule 72.2. [Doc. 39]. On April 15, 2008, Magistrate Judge Gallas issued his Report and Recommendation recommending the Court deny the petition. [Doc. 41]. For the reasons provided below, the Court **AMENDS AND ADOPTS** the Recommendation provided by the Magistrate Judge and **DENIES** Petitioner's § 2255 petition.

**I. Background**

On February 1, 2006, a federal grand jury indicted Petitioner Buckmaster for one count of unlawfully possessing explosives in violation of 18 U.S.C. §842(a)(3)(A) and 18 U.S.C. §844(a)(1). [Doc. 1]. On April 3, 2006, the Court denied the Petitioner's motion to suppress evidence and the

Case No. 1:06-cr-38
Gwin, J.

Petitioner pled guilty, pursuant to a written plea agreement. [Doc. 15; Doc. 18]. On June 27, 2006 the Court sentenced Buckmaster to twelve months imprisonment, three years of supervised release, a fine of $3000, and a $100 special assessment. [Doc. 24].

On June 30, 2006, Petitioner Buckmaster appealed the Court's denial of the motion to suppress evidence. [Doc. 25]. Additionally, he filed a motion to stay execution of his sentence pending the ruling of the appellate court. [Doc. 26]. On July 21, 2006, the Court granted the Petitioner's motion to stay execution pending appeal. [Doc. 29; Doc 30]. On May 11, 2007, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. [Doc. 32]. The Court ordered Buckmaster to report to the office of the U.S. Marshal by June 8, 2007. [Doc 33].

On June 25, 2007, Petitioner Buckmaster filed a motion to alter judgment with the Court asking for a one day increase in his sentence. [Doc. 34]. On October 30, 2007, the Court denied this motion based on a lack of jurisdiction to modify its prior order. [Doc. 37].

On February 15, 2008, Petitioner Buckmaster filed a motion to vacate under 28 U.S.C. §2255. [Doc. 38]. Petitioner Buckmaster argues that counsel provided him ineffective assistance, violating his Sixth Amendment rights. Buckmaster's counsel did not know that an inmate is eligible to receive good conduct time credit only if he or she receives a sentence of 366 days or more. [Doc. 38, Ex. A at 9]. He contends that his counsel's failure to request a sentence of one year and one day at the June 27, 2006 sentencing hearing was ineffective assistance. [Doc. 38 at 4].

On April 15, 2008, Magistrate Judge Gallas filed his Report, recommending denial of Petitioner Buckmaster's § 2255 claim. [Doc. 41]. The Magistrate Judge concluded that Buckmaster failed to show that he was prejudiced by his counsel's actions. Magistrate Judge Gallas stated that Petitioner Buckmaster's presumption that he would have received good conduct time credit was an

-2-

Case No. 1:06-cr-38
Gwin, J.

uncertain contingency that alone served as a reason for summary dismissal for failure to show prejudice. Additionally, Magistrate Gallas found that this Court's awareness of the possibility of sentencing Buckmaster to a sentence that was eligible for good conduct time credit was not in any way abated by Buckmaster's counsel's failure to request a sentence length of one year and one day.

## II. Legal Standard

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;
2) That the court was without jurisdiction to impose such sentence;
3) That the sentence exceeded the maximum authorized by law; or
4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

A plea agreement may preempt a § 2255 claim. "[A] defendant's informed and

Case No. 1:06-cr-38
Gwin, J.

voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [§ 2255] relief." *Watson*, 165 F.3d at 489. A defendant who knowingly, intentionally, and voluntarily enters a plea agreement forfeits the right to bring subsequent, non-jurisdictional challenges not specifically retained in the agreement. *Id*. Generally, only those motions specified in the plea itself are reserved for review; the defendant waives the right to raise independent claims relating to the deprivation of rights which he alleges occurred prior to the entry of his plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bahhur*, 200 F.3d 917, 922-23 (6th Cir. 2000).

### III. Discussion

In denying Petitioner Buckmaster's §2255 claim, the Court finds that the Petitioner's defense counsel was not ineffective because he cannot prove prejudice. Claims for ineffective assistance of trial defense counsel are properly brought under §2255. *Griffin v. U.S.*, 330 F.3d 733, 736 (6th Cir. 2003). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. U.S.*, 466 U.S. 668, 686. For a claim of ineffective assistance of counsel to succeed, the Petitioner must show that counsel's performance did not meet an objectively reasonable standard and that counsel's performance produced some prejudicial result. *Id*. at 687. Unless both components of the *Strickland* two-prong test are satisfied, the outcome of the trial or sentencing cannot be said to be the unreliable result of a breakdown in the adversarial process. *Id*. The Court finds it unnecessary to decide whether Buckmaster's counsel's actions were objectively reasonable.

Under *Strickland* the Petitioner must "affirmatively prove prejudice" resulting from the ineffective assistance of counsel. *Id*. at 693. When a defendant challenges his sentence on the grounds

Case No. 1:06-cr-38
Gwin, J.

of ineffective assistance of counsel, a court asks whether there is a reasonable probability, absent the errors, that the court would have sentenced the defendant differently. *See Griffin* 330 F.3d at 736. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland* 466 U.S. at 694).

The Petitioner says that counsel's failure to recommend a sentence of one year and one day had a prejudicial effect on the length of sentence he must serve. He relies on *Glover* v. *United States* to contend that actions or non-actions by an attorney that increase the length of the sentence by any amount of time satisfies the second prong of the *Strickland* test. *Glover*, 531 U.S. 198 (2001). Buckmaster contends that the denial of a good time credit eligible sentence of one year and one day is analogous to increasing the length of his sentence. An inmate who earns good time credit on a one year and one day sentence will be released from custody after approximately ten and a half months if he receives the maximum amount of good conduct credits,[1] but an inmate who receives a sentence of one year will serve the full twelve months. Petitioner correctly asserts that under *Glover*, any increase in the length of a sentence solely due to the actions of ineffective counsel violates the Sixth Amendment. *Id.* at 203. In this case, however, to prove prejudice the Petitioner must show that the Court would have given the Petitioner the one year and one day sentence.

Petitioner Buckmaster has failed to show a reasonable probability that but for his attorney's omission, the Petitioner would have been sentenced to one year and one day. Petitioner Buckmaster recognizes that there is nothing on the record that would allow that conclusion to be drawn. [Doc. 38 at 7] ("The movant cannot conclude that the Court necessarily would have sentenced him to a

---

[1] Under 28 C.F.R. §523.30, if Buckmaster's sentence was increased to 366 days, the 54 day credit would be prorated to 47 days, or 319 days, since a full year would not be served.

Case No. 1:06-cr-38
Gwin, J.

term of imprisonment of one year and a day following counsel's request and recommendation."). Instead, Petitioner Buckmaster argues that the Court intended to grant him the most lenient sentence evidenced by the Court's use of the low end of the sentencing guidelines. The Petitioner suggests that this sentence is evidence that there is a reasonable probability that the Court would have granted the good conduct time credit eligible sentence if his attorney had recommended such a sentence.[2]

The Court was aware of the ramification of a one year and one day sentence and nevertheless chose to sentence the Petitioner to twelve months. In *Fayz*, a defendant pled guilty to bank fraud and the guidelines recommended a sentence of 12 to 18 months. *Fayz v. U.S.*, No. 03-81103, 2005 WL 1639436 at *1 (E.D. Mich. July 13, 2005). The defense counsel failed to request that the Court consider a sentence of one year and one day and the defendant was sentenced to twelve months incarceration. *Id.* In applying the *Strickland* test, the *Fayz* court held that neither of the two prongs had been satisfied by the attorney's omission. *Id.* at *2. In analyzing the prejudice prong, the *Fayz* court stated that "[t]he court was well aware of its option to sentence Petitioner to twelve months and a day and chose not to." *Id.*, *see also U.S. v. Martin*, 172 F.3d 39, 1999 WL 38809 at *1 ("[T]here is no basis for believing that the experienced judge was unaware that a one year sentence would be longer than a year and a day sentence."). The Petitioner does not present any evidence to distinguish the present case.

Furthermore, the Petitioner's argument fails to address the fact that the Court is not bound by the sentencing guidelines. *See Gall v. U.S.*, 128 S. Ct. 586, 594 (2007) (stating that sentencing guidelines are "advisory"). The sentencing guidelines are recommendations, and the Court may vary

---

[2] The Court does not consider whether Petitioner Buckmaster would have actually received good time credit if he had been eligible.

-6-

Case No. 1:06-cr-38
Gwin, J.

from these guidelines under the §2255 factors. Therefore, if the Court had intended to allow Buckmaster the opportunity to be released from incarceration after less than twelve months, it could have achieved this goal by sentencing him to less than twelve months incarceration.

There is nothing in the record that suggests that the Court was unaware of the fact that by sentencing Buckmaster to twelve months incarceration, he would be ineligible for good time credit. Furthermore, the Court's decision not to vary from the sentencing guidelines by granting Buckmaster a sentence of less than a year suggests that the Court found that a sentence within the guidelines was appropriate. Thus, the Court concludes that Buckmaster has not satisfied the prejudice prong of the *Strickland* test.

## IV. Conclusion

For the reasons discussed above, the Court finds that Petitioner Buckmaster's §2255 petition lacks merit. The Court **AMENDS AND ADOPTS** the Report and Recommendation. The Petitioner's §2255 petition is **DENIED**. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: June 18, 2008            *s/            James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE